# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RMS NA, INC., <br><br>                    Plaintiff,<br><br>v.<br><br>RMS (AUS) PTY LTD, an Australian limited proprietary company; RMS GLOBAL PTY LTD, an Australian limited proprietary company; P & J BUTTIGIEG NOMINEES PTY LTD, an Australian limited proprietary company; PETER ANTHONY BUTTIGIEG, an individual; JENNIFER LYNN BUTTIGIEG, an individual; ASCOTT 2 PTE LTD, an Australian limited proprietary company; ADVENT PARTNERS 3 FUND LP, an Australian limited proprietary company; and DOES 1–100<br><br>                    Defendants. | Case No.: 24-cv-01366-AJB-MMP<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>**(Doc. Nos. 70, 71)** |

Before the Court are two motions to dismiss. (Doc. Nos. 70; 71.)[1] First, a motion to dismiss brought by Defendant RMS (Aust) Pty Ltd ("RMS Australia"). (Doc. No. 71.) Second, a motion to dismiss brought by Defendants RMS Global Pty Ltd ("RMS Global"), P & J Buttigieg Nominees Pty Ltd ("P&J"), Peter Buttigieg, Jennifer Buttigieg, Ascott 2 Pte Ltd ("Ascott"), and Advent Partners 3 Fund LP ("Advent") (all Defendants collectively, "Defendants"). (Doc. No. 70.) The motions to dismiss are brought pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). For the reasons stated below, the Court **GRANTS** Defendants' motions to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## I.    BACKGROUND[2]

The facts of this case have been recounted at length in previous orders and will not be repeated here except as necessary to explain the Court's ruling. (*See* Doc. Nos. 36; 40; 48; 66.) At its core, this is a breach of contract case. Defendant RMS Australia, an Australian limited propriety company, develops and produces software ("RMS Software") for use in the hospitality industry for various types of booking services. (Second Amended Complaint ("SAC"), Doc. No. 67 ¶¶ 2, 9, 23.) RMS Australia's principal place of business is in Victoria, Australia. (SAC ¶ 2.)

Plaintiff RMS NA, INC. ("Plaintiff") is a Delaware corporation with its principal place of business in San Diego, California. (*Id.* ¶ 1.) Plaintiff was formed by Reza Paydar for the purposes of the joint operation of RMS North America, LLC (the "Joint Venture"). (*Id.* ¶¶ 1, 9.) Prior to forming Plaintiff and entering into the Joint Venture with RMS Australia, Mr. Paydar operated a chain of commercial RV parks in California. (*Id.* ¶ 22.)

---

[1] Record citations are to material in the Case Management/Electronic Case File ("CM/ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] For the purposes of the Motions, the Court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to Plaintiffs. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

While one of Mr. Paydar's employees was vacationing in Australia, that employee came across RMS Australia's software at a hospitality business in Australia. (*Id.* ¶ 23.) That employee was impressed with the software and reported back to Mr. Paydar. (*Id.* ¶ 23.) Mr. Paydar reached out to RMS Australia with the intention of licensing the software for his RV Parks in California. (*Id.* ¶ 25.) Instead, the parties formed the Joint Venture for the purpose of providing property management software services to hospitality clients and distributing the RMS Software in North America. (*Id.* ¶¶ 9, 87.)

On March 31, 2011, Plaintiff and RMS Australia entered into the Operating Agreement for the Joint Venture (the "Operating Agreement"). (*Id.* ¶ 87.) Later, a dispute arose between Plaintiff and RMS Australia, and on October 2, 2018, they entered into the Second Amendment to the Operating Agreement (the "Second Amendment"). (*Id.* ¶ 95.)

RMS Australia (through Mr. Buttigieg and Ms. Buttigieg) and Ascott, with funding from Advent, formed RMS Global. (*Id.* ¶ 71.) The SAC alleges RMS Australia, Ascott, and Advent formed RMS Global with the intent of absorbing the Joint Venture's California employees and taking over the Joint Venture's San Diego offices. (*Id.* ¶ 74.) The SAC further alleges that RMS Global's principal place of business in California and that "[w]hile RMS Global claims its principal place of business is in Australia, Plaintiff is informed and believes that RMS Global is merely a rebranding of the former Joint Venture and that the principal place of business continues to be based out of San Diego, California." (*Id.* ¶¶ 76, 77.)

Finally, Defendant Advent, an Australian limited partnership with its principal place of business in Victoria, Australia, is a growth capital investment firm. (*Id.* ¶¶ 8, 61.) The SAC does not allege the citizenship of Advent's members; however, it is alleged that Advent has many investors and holdings in California. (*Id.* ¶ 61.)

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this

limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* at 377 (citations omitted). Rule 12(b)(1) permits a party to move to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack and a factual attack. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. *Id.*

When a party makes a facial attack on a complaint, as is the case here, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true and determine whether they establish subject matter jurisdiction. *Savage v. Glendale High Union Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039.

If a plaintiff fails to establish subject matter jurisdiction, "the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Evn't*, 236 F.3d 495, 499 (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)). Where the plaintiff cannot cure a jurisdictional defect by amendment, the court may dismiss the complaint without leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III.  DISCUSSION

Having alleged only state law claims, the SAC asserts that jurisdiction is proper in federal court under diversity jurisdiction. (SAC ¶ 15.) Defendants argue that the allegations in the SAC defeat diversity and divest the Court of subject matter jurisdiction. (Doc. Nos.

70-1 at 14; 71-1 at 12.) Plaintiff's only response to Defendants' subject matter jurisdiction argument is that Defendants "seize upon a poorly drafted paragraph in the SAC to suggest this Court does not have jurisdiction because there is no diversity." (Doc. Nos. 73 at 21; 74 at 18.) Plaintiff contends that Defendants' argument should be disregarded, as Plaintiff did not mean to allege that any of the Defendants are non-diverse. (*Id.*) The Court disagrees.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. *Kokkonen*, 511 U.S. at 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *see also Int'l Union of Operating Eng'rs v. Cty. of Plumas*, 559 F.3d 1041, 1043–44 (9th Cir. 2009).

The Court cannot disregard the allegations made in the SAC. "Factual assertions in pleadings . . ., unless amended, are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id.* (quoting *In re Fordson Eng'g Corp.*, 25 B.R. 506, 509 (Bankr. E.D. Mich. 1982)). The Supreme Court has endorsed this standard in the context of a party's attempt to assert arguments contrary to its initial pleadings, finding that such factual concessions are binding. *Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 470 n.6 (2013) (citing *Lacelaw*, 861 F.2d at 226).

"Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco*, 236 F.3d at 499; *see* 28 U.S.C. § 1332(a). For diversity purposes, a corporation is considered a citizen of both (a) any state in which it has been incorporated, and (b) the state where it has its principal place of

business. *See* 28 U.S.C. § 1332(c)(1). In *Carden v. Arkoma Assocs.*, the Supreme Court held that limited partnerships are citizens of every state of which their partners are citizens, regardless of whether those partners are general or limited. 494 U.S. 18 U.S. 195–96 (1990); *see also Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "[a]n unincorporated association such as a partnership has the citizenships of all of its members.").

Here, Plaintiff is a citizen of California. (SAC ¶ 17.) Thus, if any Defendants are also citizens of California, complete diversity is destroyed. First, the SAC does not adequately allege Advent's citizenship. The SAC alleges that Advent is an Australian limited partnership with its principal place of business in Victoria, Australia. (SAC ¶ 8.) These allegations are insufficient because Advent is a limited partnership, not a corporation. A limited partnership is considered a citizen of every state in which its partners are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d at 899. The SAC does not allege the citizenship of any of Advent's partners. Rather, the SAC merely alleges that many of Advent's "investors" are in California. It is unclear whether any of these "investors" are partners in the limited partnership. Therefore, because Plaintiff has not sufficiently alleged the citizenship of the partners of Defendant Advent in the SAC, the Court concludes the SAC does not adequately allege diversity jurisdiction. *See Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64–65 (9th Cir. 2011) (stating that the citizenship of all members of LLCs and limited partnerships must be alleged). Accordingly, the SAC must be dismissed for lack of subject matter jurisdiction. *See Burke v. Olden*, No. 822CV01666FWSJDE, 2023 WL 2559217 (C.D. Cal. Jan. 24, 2023) (dismissing the complaint for failure to sufficiently allege the citizenship of each member of the defendant limited liability companies).

Notwithstanding the SAC's failure to adequately allege Advent's citizenship, the SAC suffers from a more fatal defect. RMS Global's citizenship also destroys diversity jurisdiction. As alleged in the SAC, RMS Global's principal place of business is in California. (*See* SAC ¶ 77.) The SAC alleges that "RMS Global is merely a rebranding of

the former Joint Venture and that the principal place of business continues to be based out of San Diego, California." (*Id.*) Thus, taking as true the allegations in the SAC, RMS Global is a citizen of California. Accordingly, diversity is defeated on this ground as well.[3]

## IV. CONCLUSION

"Rules governing subject matter jurisdiction are 'inflexible and without exception.'" *Fadal Machining Centers, LLC*, 464 F. App'x at 673–74 (quoting *Carden*, 494 U.S. at 195). Therefore, the Court finds that it lacks subject matter jurisdiction over this case because Plaintiff is not diverse from Defendant RMS Global, and the SAC fails to sufficiently allege the citizenship of Defendant Advent. As such, Defendants' motions to dismiss for lack of subject matter jurisdiction are **GRANTED**. (Doc. Nos. 70; 71.) The Court hereby **DISMISSES** this case **WITHOUT LEAVE TO AMEND**. The fatal defect in the SAC renders any amendment futile. The court may deny leave to amend "where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). The Clerk of Court is directed to close this matter.

**IT IS SO ORDERED.**

Dated: October 24, 2025

Hon. Anthony J. Battaglia
United States District Judge

---

[3] Because the Court finds it does not have subject matter jurisdiction over this matter, the Court declines to address the remaining arguments in Defendants' motions to dismiss.